This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date:   February 9, 2015**

**NO. 34,476**

**STATE OF NEW MEXICO,**

     Plaintiff-Petitioner,

v.

**JOSEF E. PFAUNTSCH,**

     Defendant-Respondent.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Abigail P. Aragon, District Judge**

Hector H. Balderas, Attorney General
Margaret E. McLean, Assistant Attorney General
Pranava Upadrashta, Assistant Attorney General
Santa Fe, NM

for Petitioner

Stephen D. Aarons
Santa Fe, NM

for Respondent

## DISPOSITIONAL ORDER OF REVERSAL

**MAES, JUSTICE**

{1}     This appeal having come before the full Court and each Justice having read the briefs of the parties and otherwise being fully informed on the issues and applicable law as raised and briefed by the parties; and

{2}     The members of the Court having concurred that there is no reasonable likelihood that a Decision or Opinion would affect the disposition of this appeal or advance the law of the State; and

{3}     Acting within this Court's discretion under Rule 12-405(B)(1) NMRA to dispose of a case by order, decision, or memorandum opinion rather than formal opinion;

**IT IS, THEREFORE, ADJUDGED THAT:**

{4}     Defendant Josef E. Pfauntsch was charged by criminal information following a domestic dispute with his Russian-born wife. Represented by attorney Troy W. Prichard, Defendant entered into a written plea and disposition agreement. The written plea agreement included the following language: "I understand that entry of this plea agreement may have an effect upon my immigration or naturalization status,

and I acknowledge that, if I am represented by an attorney, my attorney has advised me of the immigration consequences of this plea agreement."

{5} At the plea hearing, pursuant to the plea agreement, Defendant pleaded "no contest" to aggravated battery against a household member and criminal damage to property of a household member. During the plea colloquy, Defendant was asked by the district court if he was a citizen of the United States. He said yes. The district court approved the plea agreement and sentenced Defendant to three years of supervised probation. The next day and before the judgment and sentence was filed, Defendant filed a motion for reconsideration of sentence and other relief, arguing that he should have been granted a conditional discharge, or in the alternative, be allowed to withdraw his plea.

{6} When Defendant failed to report for his initial intake appointment, the State filed a motion to revoke Defendant's probation for having violated the terms of his supervised probation. Defendant then filed a pro se motion to change his plea to not guilty, alleging that he was pressured into pleading no contest by his attorney and the district court, and that "[his] intelligence was clouded by the use of medical marijuana for several month[s] before and up to the morning of the plea agreement." Defendant also claimed that there was no factual basis for some of the charges and that Prichard

did not discuss the case with him or explain the consequences of a no contest plea. Defendant's motion did not mention his immigration status.

{7} Nearly nine months later, Defendant's new counsel, Stephen D. Aarons, filed a motion to withdraw the plea agreement. Defendant specifically cited Prichard's failure to discuss any possible immigration issues and claimed he was "ineffective per se in failing to make any inquiry as to [D]efendant's status as a citizen born in Germany who had . . . later emigrated to the United States."

{8} After a hearing, the district court issued an order denying Defendant's motion to set aside his plea. The district court made a factual finding that when Defendant was questioned by the court during the plea hearing, he stated affirmatively that he was a citizen of the United States. The court concluded that Defendant "cannot complain of ineffective assistance of counsel where he is responsible for the lack of information provided to his counsel and the misinformation provided to this court."

{9} Defendant appealed the district court's denial of his motion to withdraw his plea to the Court of Appeals. He argued

> that he was improperly advised of the immigration consequences of the plea, contrary to *State v. Paredez*, 2004-NMSC-036, 136 N.M. 533, 101 P.3d 799, which requires attorneys to determine their clients' immigration status and advise them of the specific consequences of a plea agreement on their immigration status and that it was therefore error for the district court to deny his motion to withdraw the plea.

3

*State v. Pfauntsch*, No. 31,674, mem. op. ¶ 1 (N.M. Ct. App. Nov. 26, 2013) (non-precedential). The first sentence in the memorandum opinion filed by the Court of Appeals begins: "Defendant Pfauntsch, a *German national and United States permanent resident.*"[1] *Pfauntsch*, No. 31,674, mem. op. ¶ 1 (emphasis added). Based on this reliance, the memorandum opinion concluded that Defendant had established that Prichard's "performance fell below that of a reasonably competent attorney when counsel failed to advise Defendant of the immigration consequences of a 'no contest' plea. Defendant has also made a prima facie showing that justifies holding an evidentiary hearing to determine whether he was prejudiced by his counsel's omission." *Id.* ¶ 20. The Court of Appeals reversed the district court and remanded to the district court for a determination of whether Defendant was prejudiced by counsel's ineffectiveness. *Id.*

{10}     The State petitioned for a writ of certiorari on the sole issue of:

> Did the New Mexico Court of Appeals err when it found that Defendant established a prima facie case of ineffective assistance of counsel where Defendant affirmatively misrepresented his immigration status during the plea colloquy to the district court, Op. ¶ 2: "At the plea

---

[1] Lawful permanent resident is any person not a citizen of the United States who is residing in the United States under legally recognized and lawfully recorded permanent residence as an immigrant. *See* www.uscis.gov/tools/glossary.

hearing, the district court conducted a plea colloquy during which Defendant told the district court that he was a United States citizen"?

Nine days later, the State filed a motion asking "this Court to take judicial notice of Defendant's [United States] passport and other documentation, or, in the alternative, moves for a limited remand for an evidentiary hearing." We granted the State's petition for writ of certiorari and the State's motion to take judicial notice. *See State v. Pfauntsch*, 2014-NMCERT-005.

{11} "Proof of ineffective assistance is two-fold: (1) [the d]efendant must show that counsel's performance fell below that of a reasonably competent attorney, and (2) [the d]efendant also must prove that the deficient performance prejudiced the defense." *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729 (internal quotation marks and citation omitted). "[A]n affirmative misrepresentation by counsel as to the deportation consequences of a guilty plea is today objectively unreasonable." *Paredez*, 2004-NMSC-036, ¶ 15 (internal quotation marks and citation omitted). The second prong of the ineffectiveness test hinges on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* ¶ 20 (internal quotation marks and citation omitted). That is, "[the d]efendant must show he would not have entered into the plea agreement if he had

been given constitutionally adequate advice about the effect that his . . . plea would have on his immigration status." *Id.* (internal quotation marks and citation omitted).

{12} Our judicial notice established that Defendant was born in Germany and later became a United States citizen through the naturalization process. Therefore, Defendant is a United States citizen and not a permanent legal resident. For reasons unknown, Defendant's U.S. citizenship was not established until Defendant's wife's attorney contacted Appellate Counsel and came forward with a copy of Defendant's United States passport.

{13} Naturalization is the manner in which a person not born in the United States voluntarily becomes a United States citizen. *See* USCIS Policy Manual Citizenship and Naturalization Guidance, *available at* http://www.uscis.gov/citizenship/teachers/naturalization-information. A naturalized United States citizen can only have his or her citizenship stripped through a process called "denaturalization." *See* U.S.C § 1451 (2013). Grounds for denaturalization are: (1) falsification or concealment of relevant facts related to the naturalization application process; (2) refusal to testify before Congress; (3) membership in subversive groups; and (4) dishonorable military discharge. U.S.C § 1451. Former citizens who are denaturalized are subject to removal (deportation) from the United States. *See id.* The grounds for

denaturalization are limited and "the government bears a heavy burden of proof in denaturalization proceedings, and a court should only revoke citizenship if the government presents clear, unequivocal, and convincing evidence establishing that citizenship was illegally procured." *United States v. Jean-Baptiste*, 395 F.3d 1190, 1192 (11th Cir. 2005) (internal quotation marks and citation omitted).

{14} The Court of Appeals engaged in an ineffective assistance of counsel analysis on the false premise that Defendant was not a United States citizen and was subject to deportation. Even so, Defendant still argues that he was prejudiced because he could still be subject to immigration consequences.

{15} Defendant is a citizen of the United States. A United States citizen cannot be deported. The four grounds for denaturalization do not include any of the crimes committed by Defendant. Therefore, Defendant is not subject to deportation or denaturalization consequences by the entry of the plea and the conviction. Accordingly, an ineffective assistance of claim for failure to advise of immigration or naturalization consequences is not available when Defendant's status is a United States citizen.

{16} Defendant also argues that he was coerced by Prichard and the district court to enter the plea, that he was influenced by the use of marijuana, and that Prichard

misrepresented that Defendant would not have any conditions of probation. Those issues are not properly before this Court, and further, those issues are now moot since Defendant has already served his probation.

{17}    We reverse the Court of Appeals because its memorandum opinion was based on a false premise, and Defendant cannot suffer any immigration or denaturalization consequences. The district court's denial of Defendant's motion to withdraw his plea is affirmed.

{18}    **IT IS SO ORDERED.**

 

_____

**PETRA JIMINEZ MAES, Justice**

_____

**BARBARA J. VIGIL, Chief Justice**

_____

**RICHARD C. BOSSON, Justice**

_____

**EDWARD L. CHÁVEZ, Justice**

_____

**CHARLES W. DANIELS, Justice**